United States District Court
Southern District of Texas
**ENTERED**
September 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSEPH LEE FLORES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-15-1633 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate represented by counsel, filed this section 2254 habeas petition challenging his convictions. Respondent filed a motion for summary judgment (Docket Entry No. 10), to which petitioner filed a response (Docket Entry No. 13).

Having considered the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

### I. PROCEDURAL BACKGROUND AND CLAIMS

Petitioner was convicted of attempted capital murder of a peace officer and aggravated robbery and was sentenced to life and 60 years' incarceration, respectively. The convictions were affirmed on appeal. *Flores v. State*, 2010 WL 5238580 (Tex. App. – Houston [14th Dist.] 2010, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review and denied petitioner's applications for state habeas relief.

Petitioner raises the following claims for ineffective assistance of trial counsel:

1.    Counsel was ineffective for failing to challenge or strike two venire members who were biased against petitioner.

2.    Counsel was ineffective for failing to move for a mistrial after the court sustained an objection to and instructed the jury to disregard police testimony that the evidence of guilt was overwhelming; and

3.    Counsel was ineffective for failing to file a motion in limine and object to inadmissible hearsay testimony that petitioner and his co-defendant may have committed a robbery in Houston earlier in the day where a man was shot in the head.

Respondent argues that these grounds have no merit and should be dismissed.

## II.   THE APPLICABLE LEGAL STANDARDS

A.    Habeas Review

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U .S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially

indistinguishable from such a decision and arrives at a result different from the Supreme

Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies

the correct legal rule to the facts of a particular case, or unreasonably extends a legal

principle from Supreme Court precedent to a new context where it should not apply, or

unreasonably refuses to extend that principle to a new context where it should apply.

*Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable,

this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It

bears repeating that even a strong case for relief does not mean the state court's contrary

conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court

in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As
> amended by AEDPA, § 2254(d) stops short of imposing a complete bar on
> federal court relitigation of claims already rejected in state proceedings. It
> preserves authority to issue the writ in cases where there is no possibility
> fairminded jurists could disagree that the state court's decision conflicts with
> this Court's precedents. It goes no farther. Section 2254(d) reflects the view
> that habeas corpus is a "guard against extreme malfunctions in the state
> criminal justice systems," not a substitute for ordinary error correction through
> appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under

28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a

factual determination will not be overturned on factual grounds unless it is objectively

3

unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B.     Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the

federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## III.   INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.   To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).   In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner claims that trial counsel was ineffective in the following three particular instances.

A.    Biased Venire Members

Petitioner claims that trial counsel was ineffective for failing to challenge or strike two venire members, #11 and #38, who were biased against him.

During voir dire, venire members were asked if they, close friends, or family had ever been the victim of either a robbery, murder, attempted robbery, or attempted murder.  The state court record reflects the following exchange between venire member #38 and defense counsel:

> #38:   I've had my car – someone tried to steal my car one time, and I've had possessions of mine stolen out of my car.

> Defense Counsel:   Okay.  Same question: Do you think it would affect your ability to be fair in this case?
>
> #38:   Yes, sir.

2 RR 158, 162.  Earlier, venire member #38 had been asked by the State if he or his family had any prior dealings with the law and how they were treated.  He responded:

> #38:   Myself and my brother, various charges. I think we were both treated fairly, and I could set it aside.
>
> Prosecutor:   You promise?
>
> #38:   Yes.

2 RR 101.

The state court record further shows that during voir dire, the prosecutor asked the panel whether anyone had anything else they thought the prosecutor should know.  The following exchange ensued between venire member #11 and the State:

> #11:   I was just involved in a – I walked in on an armed robbery, and it scared me a little bit.
>
> Prosecutor:   All right.  And I'm asking if you could be fair – [the defense attorney] gets another period of time to ask things about how it might not be fair to his client.  Do you understand me?
>
> #11:   (Nodding)
>
> Prosecutor:   Have [sic] it affected you to where you might not be fair to Fort Bend County, or has it made you hate crime a little more?  You understand what I mean?
>
> #11:   Yes.  Hate crime a little bit more.

2 RR 128.

7

Venire member #11 and the prosecutor shared the following additional exchange during voir dire:

> Prosecutor:   Is everybody with me?  Either yourself or somebody in your family.  In other words, I need to know about it.  Starting with the first row.  Yes, ma'am?
>
> #11:   My nephew.
>
> Prosecutor:   Go ahead – and by the way, if you'll do it all like this, "My nephew, he was charged with "x" and he was treated . . . I feel he was treated "fairly" or "unfairly."  Can we all do that?
>
> #11:   My nephew.  He was treated fairly.
>
> Prosecutor:   Charged?
>
> #11:   I'm not sure.
>
> Prosecutor:   Okay, okay.  But you believe he was treated fairly?
>
> #11:   Yes.
>
> Prosecutor:   All right.  Any . . . all right.  Do you think you can be a fair juror in this case?
>
> #11:   Yes.

2 RR 96–97.

Trial counsel did not challenge or strike either of these venire members, and they ultimately sat on petitioner's jury.  In responding to petitioner's claims of ineffective assistance of counsel, trial counsel submitted an affidavit on collateral review, testifying as follows:

8

While I generally remember this case, it was seven years ago and very specific issues, especially voir dire decisions, are not fresh in my memory. Further, a review of this old file did not provide any material relevant to the issues raised in the writ.

As to ground one, that Mr. Flores was denied effective assistance of counsel concerning venireman 38, [G.T.], I have read the voir dire questions and answers concerning Mr. [G.T.]. He stated that someone had tried to steal his vehicle and had stolen possessions out of his car. He did not state when this occurred. He stated it would affect his ability to be fair. He did not state whether his bias would be to the State or the Defendant. I have no personal recollection of the voir dire of Mr. [G.T.] or memory of my thought process. From the record and my memory I cannot make a determination of my reasoning to not challenge Mr. [G.T.] for cause.

As to the use of preemptory challenges, I again have no present day recollection of my process for preemptory challenges in this case. I do know that I used all my preemptory challenges. My only surmise looking back, Mr. [G.T.] was the victim of a lot less serious and probably non-violent offense than the offense of Mr. Flores and such could have influenced my decision-making.

As to venireman 11, [G.F-S.], she was asked, "Is there anybody where [*sic*] you might not be a good juror for Fort Bend County?" She replied, "I was just involved in a . . . I walked in on a armed robbery and it scared me . . . a little bit." She was asked, "Have [*sic*] it affected you to where you might not be fair to Fort Bend County or has it made you hate crime a little more?" She answered hate crime a little more.

Having read the voir dire, I do not feel such answer would be enough to challenge her for cause. I looked at whole voir dire plus the juror questionnaire. She was an African American female. I know I try to get qualified minorities on juries in Fort Bend County in most cases. Further, in voir dire, [G.F-S.] admits that she knows me. We discuss her being a medical tech at M. D. Anderson and me recognizing her as CAT scan technician for my son years back. Again, I do not have any independent recollection of my decision-making process to pick this jury, but I feel that exchange might have influenced my decision. Further, I have strong suspicions I knew [her] in my role as leader of the Fort Bend Democratic Party and the Obama campaign in '08. If so, that, too, may have influenced my decision.

*Ex parte Flores*, at 250–51 (record citations omitted).[1]

In rejecting petitioner's claims of ineffective assistance of trial counsel, the trial court made the following relevant findings of fact:[2]

3.  Venireman 38 stated during voir dire that although he and his brother had been arrested on various charges, he could set that aside (implying that he could set that issue aside and be a fair juror).

4.  Venireman 38 later stated that his car was burglarized and that fact would affect his ability to be fair in the case.

5.  No challenges were made to venireman 38.

6.  The defense strike list reflects that venireman 38 was originally marked as a peremptory strike, but that this strike was rescinded.

7.  The Court is [*sic*] takes an active interest in voir dire proceedings and will make notes of jurors whom the Court perceives to be unable to follow the law.  The Court did not note on the record that venireman 38 was of concern.

8.  [Trial counsel] is an experienced trial attorney, having tried many cases in Fort Bend County, and having appeared before this Court on many occasions.  The Court believes [him] to be an experienced and skilled attorney.

9.  Despite [trial counsel's] reputation as a knowledgeable and skilled attorney, the Court is unable to make a determination as to the exact factual basis behind [his] decision not to challenge venireman 38 because [counsel's] memory has faded as to his reasoning for this decision.

---

[1] A copy of counsel's affidavit appears in Docket Entry No. 7-10, pp. 128–29.

[2] A copy of the trial court's findings of fact and conclusions of law appears in Docket Entry No. 7-10, pp. 141–148.

10.     Venireman number 11, when asked if she could be a fair juror in the case responded, "Yes." Venireman number 11 was again asked if she could be a "good juror in this case for Fort Bend County as well as the Defendant" and again responded "Yes."

11.     Venireman number 11 later stated that she walked in on an armed robbery and this made her "hate crime a little bit more."

12.     No challenges were made to venireman 11.

13.     The Court is [*sic*] takes an active interest in voir dire proceedings and will take notes of jurors whom the Court perceives to be unable to follow the law. The Court did not note on the record that venireman 11 was of concern.

14.     Despite [trial counsel's] reputation as a knowledgeable and skilled attorney, the Court is unable to make a determination as to the exact factual basis behind [trial counsel's] decision not to challenge venireman 11 because [counsel's] memory has faded as to his reasoning for this decision.

\*   \*   \*   \*

25.     This Court finds [trial counsel's] affidavit to be credible.

*Ex parte Flores*, at 350–51, 353 (record citations omitted). The state trial court also made

the following relevant conclusions of law:

1.     The applicant for a writ of habeas corpus has the burden of proving his allegations by a preponderance of the evidence. Unsupported, conclusory allegations are insufficient to warrant habeas corpus relief. Applicant in this case failed to prove his allegations by a preponderance of the evidence.

2.     The United States Supreme Court enunciated the test for claims of ineffective assistance of counsel in the Sixth Amendment context in *Strickland*[.] The standard enumerated in *Strickland* is that a defendant claiming ineffective assistance of counsel must show ( 1) that counsel's

representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant.

3.     Applicant has not proven by a preponderance of the evidence that his trial counsel was ineffective.

4.     Applicant has not proven by a preponderance of the evidence that he was prejudiced by any ineffectiveness of his counsel at trial.

5.     The case law surrounding voir dire decision making on the part of trial counsel is highly deferential to trial counsel's view of the panel, and requires a showing on the part of the applicant that trial strategy was not at work in the lack of a challenge to a particular venireman, even where that venireman is explicit in stating that he cannot be fair.

\*    \*    \*    \*

8.     [W]ith regard to Applicant's trial counsel's decision not to strike venireman 38, Applicant has not proven that his trial counsel was ineffective for not striking venireman 38. Applicant is responsible for showing that his trial counsel's decision not to strike a particular venireman is not the result of a reasonable exercise of trial strategy. Applicant has not made such a showing here.

9.     [W]ith regard to Applicant's trial counsel's decision not to strike venireman 11, Applicant has not proven that his trial counsel was ineffective for not striking venireman 38.[3] Applicant is responsible for showing that his trial counsel's decision not to strike a particular venireman is not the result of a reasonable exercise of trial strategy. Applicant has not made such a showing here.

10.     Applicant has not established prejudice flowing from any supposed ineffectiveness of his trial counsel in not challenging venireman 38. A showing of prejudice is required in this context, under current law.

---

[3]The Court construes this as a typographical error; the context of the paragraph and the paragraph above it make clear that the trial court was referring to venire member #11.

11.     Applicant has not established prejudice flowing from any supposed ineffectiveness of his trial counsel in not challenging venireman 11. A showing of prejudice is required in this context under current law.

*Ex parte Flores*, at 353–55 (citations omitted).

In conducting a deficient performance analysis in context of counsel's failure to strike an allegedly biased juror, a court first evaluates whether the juror at issue was actually biased. *Virgil v. Dretke*, 446 F.3d 598, 608–10 (5th Cir. 2006). The issue of juror bias is a factual finding. *Id.* at 610 n. 52 (citing *Patton v. Yount*, 467 U.S. 1025 (1984)). Because the question of whether jurors have opinions that disqualify them is "one of historical fact," *Patton*, 467 U.S. at 1037, under AEDPA standards this Court may reject the state court's express or implicit finding only if the habeas applicant rebuts the presumption of correctness given to the state court factual findings "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A bias determination centers on a juror's own indication that he or she has "such fixed opinions that [the juror] could not judge impartially respondent's guilt," *Patton*, 467 U.S. at 1035, and whether the juror's "views would prevent or substantially impair the performance of his or her duties as a juror in accordance with his or her instructions and oath," *United States v. Scott*, 159 F.3d 916, 925–26 (5th Cir. 1998). An attorney's actions during voir dire are considered to be a matter of trial strategy, and a decision regarding the same cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown

to be "so ill chosen that it permeates the entire trial with obvious unfairness." *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995).

In *Seigfried v. Greer*, 372 F. App'x 536, 539 (5th Cir. 2010), discussed by both parties in their pleadings, the district court rejected a petitioner's claim that trial counsel was ineffective for failing to strike biased jurors. The court found the claim lacked merit because "[a] review of the record indicates that the members of the jury all indicated that they could be fair and impartial." The Fifth Circuit noted that, by ruling that the petitioner's claim failed both prongs of *Strickland*, the state court had implicitly found that the juror was not biased.

In the instant case, venire member #11 specifically stated that she thought she could be a fair juror in the case. 2 RR 97. Petitioner argues that her response meant she could be fair to the *prosecution*, but the record supports no such interpretation. Venire member #38 ultimately "promised" that he could set aside his prior experiences. *Id.*, at 101. Petitioner fails to demonstrate that either of these venire members had "such fixed opinions that [they] could not judge impartially [petitioner's] guilt," *Patton*, 467 U.S. at 1035, or that their "views would prevent or substantially impair the performance of his or her duties as a juror in accordance with his or her instructions and oath," *Scott*, 159 F.3d at 925–26.

Moreover, counsel testified in his affidavit that he had no specific recollections of why he did not challenge venire member #38, but he surmised his decision was influenced by the fact that the venire member's experience was "a lot less serious and probably non-violent offense" than petitioner's charged offense. As to venire member #11, counsel set forth

several positive reasons for not striking her, as well as his belief that there were no sufficient grounds for challenging her for cause. It is well established that the "[f]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

As in *Seigfried*, the state trial court here expressly found that petitioner established neither deficient performance nor actual prejudice in counsel's failure to challenge or strike the two venire members. By ruling that petitioner's claim failed both prongs of *Strickland*, the state court implicitly found that the venire members (as jurors) were not biased. Additionally, the state trial court made an express finding that "the evidence of petitioner's guilt was overwhelming" in this case. *Ex parte Flores*, at 357. Petitioner fails to establish that, but for counsel's failure to strike or challenge the two venire members, there is a reasonable probability that the results of the trial would have been different. As a result, petitioner fails to meet his AEDPA burden of proof as to actual bias, deficient performance, and actual prejudice.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

B.   Mistrial

Petitioner next claims that counsel was ineffective for failing to move for a mistrial

after the court sustained an objection to and instructed the jury to disregard police testimony

that the evidence of guilt was "overwhelming."

In response to this claim, trial counsel testified in his state habeas affidavit as follows:

> As to the statement by Detective Grieder [*sic*] that he "thought that the evidence was overwhelming in this case," the Court did sustain the objection and gave the jury a proper instruction to disregard. From years of experience, I was sure it was not irreversible error and that the Appellate Court would say that a timely, proper motion to disregard cured any error. I felt [a] further motion would merely emphasize [the comment] more to the jury.

*Ex parte Flores*, at 251.

In rejecting petitioner's claim on collateral review, the state trial court made the

following relevant findings of fact:

15.   A detective made a comment during direct examination by the State that he believed the evidence was overwhelming (as to Applicant's guilt).

16.   Applicant's trial counsel objected to the statement by the detective that the evidence of Applicant's guilt was overwhelming, and the Court sustained that objection and admonished the jury accordingly.

17.   The Court would not have granted a motion for a mistrial based solely on the statement by the detective that the evidence was overwhelming in the case.

\*   \*   \*   \*

25.   This Court finds [trial counsel's] affidavit to be credible.

16

*Ex parte Flores*, at 352–53 (record citations omitted).  The trial court also made the following relevant conclusions of law:

1.  The applicant for a writ of habeas corpus has the burden of proving his allegations by a preponderance of the evidence. Unsupported, conclusory allegations are insufficient to warrant habeas corpus relief. Applicant in this case failed to prove his allegations by a preponderance of the evidence.

2.  The United States Supreme Court enunciated the test for claims of ineffective assistance of counsel in the Sixth Amendment context in *Strickland*[.] The standard enumerated in *Strickland* is that a defendant claiming ineffective assistance of counsel must show ( 1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant.

3.  Applicant has not proven by a preponderance of the evidence that his trial counsel was ineffective.

4.  Applicant has not proven by a preponderance of the evidence that he was prejudiced by any ineffectiveness of his counsel at trial.

\*    \*    \*    \*

12.  Courts allow police officers to proffer their opinions when those opinions are based on their training or experience and their personal knowledge of the event in question.

13.  With regard to objectionable questions as the basis for ineffective assistance of counsel questions, the Texas Court of Criminal Appeals has held that "for all practical purposes, the invasion of the province of the jury rule is and has been long dead[,]" and also "[t]his Court seldom reverses a conviction solely because an improper question is asked[.]"

14.  Applicant has not proven that his trial counsel's decision not to move for a mistrial following the detective's statement that the evidence was overwhelming in this case was ineffective under *Strickland*.

\*    \*    \*    \*

17

20.   Applicant has not proven that he was prejudiced by any supposed
ineffectiveness on the part of his trial counsel in not requesting a
mistrial based on testimony from the detective about the strength of the
State's case because the State's case was in fact very strong.

*Ex parte Flores*, at 353–57 (citations omitted).

The trial court expressly stated that it would *not* have granted a motion for mistrial had one been made by trial counsel. Thus, petitioner cannot show that, had counsel moved for a mistrial, it would have been granted. Nor does petitioner establish that the refusal of the trial court to grant a mistrial under the circumstances would have constituted reversible error. As a result, petitioner has not demonstrated deficient performance or prejudice under *Strickland*.

Although petitioner attempts to distinguish the state law cases relied upon by the trial court and respondent as to the evidentiary finding, his efforts are misplaced. It is not the role of this federal Court to re-examine the admissibility of evidence under state law in context of a section 2254 habeas proceeding. It is beyond cavil that this Court is bound by the state court's construction of Texas evidentiary rules. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Paredes v. Quarterman*, 574 F.3d 281, 291 (5th Cir. 2009) (holding that a state court's interpretation of state law binds a federal court sitting in habeas corpus); *Amador v. Quarterman*, 458 F.3d 397, 412 (5th Cir. 2006) (holding that a federal habeas court must defer to a state court's interpretation of state law); *Young v. Dretke*, 356 F.3d 616,

18

628 (5th Cir. 2004) ("In our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law.").

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

C.    Inadmissible Hearsay

In his third ground, petitioner argues that trial counsel was ineffective in failing to file a motion in limine and in not objecting to allegedly inadmissible hearsay testimony. The complained-of testimony appears in the record as follows:

Prosecutor:    So ya'll did take a break?

Detective:    Yes, sir.

Prosecutor:    And you – did he get a cigarette?

Detective:    Yes, sir.

Prosecutor:    And ya'll – and did anything happen out there while y'all were smoking a cigarette?

Detective:    I was just on the phone and talking to the other officers, my sergeant in particular. *He also informed me that – that the Defendant and his Co-Defendant were possibly involved in a robbery in Houston and that another man had possibly been shot in the head.*

5 RR 26–27 (emphasis added).

19

In responding to this claim, trial counsel testified in his state habeas affidavit as follows:

> As to the testimony admitted concerning [the detective] relating what his sergeant had informed him that Defendant and Co-Defendant may have been involved in a robbery in Houston that day, I did not object in that [it] was *res gestae*, and extraneous continuing offense [*sic*] that qualified as contextual evidence.  As to hearsay, I felt it was admissible as *res gestae* similar to dispatcher type testimony and as contextual evidence.

*Ex parte Flores*, at 251.

In rejecting petitioner's claim on state collateral review, the state trial court made the following relevant findings of fact:

> 18.   There was also testimony from a detective that Applicant and his co-defendant may have been involved in another robbery in Houston on the same day Applicant committed this crime.  Applicant's trial counsel did not object to this testimony.

> \*    \*    \*    \*

> 25.   This Court finds [trial counsel's] affidavit to be credible.

*Ex parte Flores*, at 352–53 (citations omitted).  The trial court also made the following relevant conclusions of law:

> 1.   The applicant for a writ of habeas corpus has the burden of proving his allegations by a preponderance of the evidence.  Unsupported, conclusory allegations are insufficient to warrant habeas corpus relief.  Applicant in this case failed to prove his allegations by a preponderance of the evidence.

> 2.   The United States Supreme Court enunciated the test for claims of ineffective assistance of counsel in the Sixth Amendment context in *Strickland*[.] The standard enumerated in *Strickland* is that a defendant claiming ineffective assistance of counsel must show ( 1) that counsel's

20

representation fell below an objective standard of reasonableness, and
(2) that counsel's deficient performance prejudiced the defendant.

3.      Applicant has not proven by a preponderance of the evidence that his
        trial counsel was ineffective.

4.      Applicant has not proven by a preponderance of the evidence that he
        was prejudiced by any ineffectiveness of his counsel at trial.

*Ex parte Flores*, at 353 (citations omitted).  The trial court's conclusions continued:

15.     Evidence characterized as contextual is admissible under certain
        circumstances.

16.     Applicant's trial counsel's opinion [ – ] that the statement from the
        detective that Applicant and his co-defendant may have been involved
        in another robbery in Houston on the same day that they committed this
        crime could have been properly admitted [ – ] is not clearly erroneous
        in light of the state of the law relating to contextual evidence.

17.     The fact that Applicant and his co-defendant may have been involved
        in another robbery in Houston on the same day they committed this
        offense may also have been admissible under Texas Rule of Evidence
        404(b).

18.     Applicant has not proven that Applicant's trial counsel's decision not
        to object or make a motion in limine in relation to any testimony that
        Applicant and his co-defendant may have been involved in another
        robbery on the same day they committed this crime was ineffective
        under *Strickland*.

19.     The evidence of Applicant's guilt was overwhelming in this case.

                        *    *    *    *

21.     Applicant has not proven that he was prejudiced by any supposed
        ineffectiveness on the part of his trial counsel in not objecting to
        testimony from the detective that Applicant and his co-defendant may

21

> have been involved in another robbery on the same day they committed
> this crime because the remainder of the State's case was very strong.

*Id.*, at 356–57 (citations omitted).

In short, the state trial court determined that counsel was not ineffective because the complained-of evidence was not clearly inadmissable under state law. As already noted, this Court cannot re-address the issue of admissibility of evidence under state law. Nor will the Court join petitioner in speculating as to what the jury may have thought or have done in absence of the disputed evidence. Trial counsel made a reasoned decision and trial strategy not to object based upon his understanding of evidentiary rules and case law, and petitioner fails to demonstrate that counsel's trial strategy was unreasonable. The trial court also determined that the evidence of petitioner's guilt was "overwhelming," such that petitioner cannot show that, but for counsel's failure to object, there is a reasonable probability that the result of the trial would have been different. As a result, petitioner demonstrates neither deficient performance nor actual prejudice.

The state court rejected petitioner's habeas claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## IV.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 10) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**.  Any and all pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on _____ SEP 0 1 2016 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

23